**DART INDUSTRIES, INC., Plaintiff,**

**v.**

**LIQUID NITROGEN PROCESSING CORP. OF CALIFORNIA, Defendant.**

**Misc. No. 56.**

United States District Court,
D. Delaware.

June 12, 1970.

Arthur G. Connolly, Jr., of Connolly, Bove & Lodge, Wilmington, Del., Thomas F. Reddy, Jr., and Berj A. Terzian, of Pennie, Edmonds, Morton, Taylor & Adams, New York City, of counsel, for plaintiff.

Robert B. Walls, Jr., Wilmington, Del., and Arthur H. Seidel of Seidel, Gonda & Goldhammer, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

LATCHUM, District Judge.

Dart Industries, Inc. ("Dart") brings this proceeding, pursuant to Rule 45(b), F.R.Civ.P., to quash a subpoena duces tecum issued by the Clerk of this Court and served upon Earl L. Handley on April 30, 1970. The subpoena issued

upon the application of Liquid Nitrogen Processing Corp. of California ("LNP").

Dart has brought suit[1] against LNP in the United States District Court for the Central District of California ("California action") alleging infringement of Dart's U. S. Patent No. 2,877,501.[2] LNP has answered and counterclaimed for patent invalidity and also for violation of the federal antitrust laws.[3]

Dart previously had brought an action in the United States District Court for the Northern District of Illinois, Eastern Division ("Illinois action") on March 28, 1969 against E. I. du Pont de Nemours & Co. ("Du Pont") for infringement of the same patent. During the course of discovery in the Illinois action, Dart has produced over 1000 documents for Du Pont's inspection and copying. Some of these documents, considered secret and confidential, were produced by Dart under protective orders of the Court limiting the disclosure and use thereof to Du Pont's counsel.[4]

Shortly after the California action was commenced, LNP's counsel visited Mr. Earl L. Handley in Wilmington, Delaware, an attorney-employee of Du Pont engaged in assisting Du Pont's defense of the Illinois action, and requested Mr. Handley to provide voluntarily a copy of every document that Dart had produced in the Illinois action as a consequence of Du Pont's pretrial discovery proceedings. This request of LNP's counsel was made known by Mr. Handley to Dart's counsel, who characterized the request as improper and premature.

Mr. Handley therefore declined to produce the requested documents voluntarily. Thereafter, on May 26, 1970, LNP served a notice to take Mr. Handley's deposition in Wilmington. A subpoena duces tecum procured from this Court was served upon Mr. Handley on April 30, 1970. The subpoena commanded Mr. Handley to appear at his Wilmington office on May 26, 1970,[5] at the time of his deposition and bring with him copies of all documents which relate to any controversy between Dart, its predecessors, subsidiaries, licensees or affiliates and Du Pont produced in the Illinois action as well as all other documents which relate to any patent license between such entities.

In moving to quash the subpoena duces tecum, Dart argues that the documents in Du Pont's possession, which were produced by Dart in the Illinois action, are unobtainable by LNP under Rule 45(b) for use in the California action without a showing of good cause required by Rule 34, F.R.C.P. With respect to the other documents in Du Pont's control, Dart contends that LNP has not shown their relevancy.

A. *Documents Produced In The Illinois Action*

Without question under the existing Rules of Federal Civil Procedure,[6] a party seeking production by a subpoena duces tecum under Rule 45(b) from a *party* to the action must establish good cause for issuance of the subpoena, if it is challenged on a motion to quash, exactly as he would be required to do if he

---

1. Civil Action No. 70-79-JWC.

2. The patent is entitled "Glass-Reinforced Thermoplastic Injection Molding Compound and Injection-Molding Process Employing It."

3. On May 14, 1970, the District Court for the Central District of California denied Dart's motion to dismiss the antitrust violations set forth in the second cause of action of LNP's counterclaim.

4. Neither copies of the protective order entered in the Illinois action nor a summary of their terms and conditions were made a part of the record in this proceeding.

5. The Handley deposition and production pursuant to the subpoena duces tecum was postponed pending the Court's determination of Dart's present motion.

6. Effective July 1, 1970, the requirement of good cause is eliminated from Rule 34, F.R.C.P.

moved for production of the documents from a *party* under Rule 34. Fastener Corp. v. Spotnails, Inc., 43 F.R.D. 204 (N.D.Ill.1967); United States v. 6.82 Acres of Land, etc., 18 F.R.D. 195 (D. N.M.1955); Continental Distilling Corp. v. Humphrey, 17 F.R.D. 237 (D.D.C. 1955); Schwartz v. Broadcast Music, Inc., 16 F.R.D. 31 (S.D.N.Y.1954); Panamusica Venezuela C.A. v. American Steel Export Co., 16 F.R.D. 280 (S.D.N.Y.1954). The rationale of these decisions is that since both rules are directed to the same end, i. e. production of documents from a *party,* they are in *pari materia* and must be construed together. 2B Fed.Prac. & Proc., Barron & Holtzoff (Wright ed.) § 1002.

Dart contends, however, that this principle should be extended and urges that the good cause requirement of Rule 34 must be shown in order to obtain a subpoena duces tecum under Rule 45(b) even when the subpoena is directed to a witness not a party to the action. To support this proposition Dart relies on North v. Lehigh Valley Transit Co., 10 F.R.D. 38 (E.D.Pa.1950); Bada Company v. Montgomery Ward & Co., 32 F.R.D. 208 (E.D.Tenn.1963) and McLean v. Prudential Steamship Co., 36 F.R.D. 421 (E.D.Va.1965). Upon analysis, these cases do not support plaintiff's position. In *Lehigh Valley,* an automobile personal injury case, plaintiff took the deposition of defendant's claim agent and by a subpoena duces tecum required him to produce the originals of signed statements of several witnesses together with notes of his interviews with others. It was conceded that good cause under Rule 34 had not been shown. Chief Judge Kirkpatrick held that since good cause required by Rule 34 had not been shown, the documents could not be inspected under Rule 45(b) without the same showing. It is quite apparent that Judge Kirkpatrick's holding was premised on the close relationship between the corporate defendant and the witness. The Court considered the witness, who

was the corporate defendant's agent, as the alter ego of a party and not an independent witness. Further, the Court considered the documents sought as belonging to the defendant and not the witness when it stated at p. 39 of 10 F.R.D.:

"If a showing of good cause was considered a proper and reasonable limitation upon the right to a preview of the *opposing party's* papers and documents, it must have been intended to obtain, whatever process may be resorted to." (Emphasis added).

In *Bada,* the plaintiff, in a patent infringement case brought in the Central District Court of California, procured a subpoena duces tecum from the Eastern District Court of Tennessee requiring a non-party witness to produce documents at his deposition. It was undisputed that all of the documents sought were available from the defendant in the California action. Unlike the present case, the non-party witness objected that the subpoena was "unclear, unreasonably oppressive and unduly broad." The Court agreed that the subpoena was so broad in scope as to be "unreasonable and oppressive" to the non-party witness, particularly because the plaintiff had not first sought the production from its litigating adversary pursuant to Rule 34. Further, there was no indication at that stage that plaintiff was "unable to discover them from the defendant." The Court said, 32 F.R.D. p. 210:

"The proper procedure for the plaintiff to follow at this point in attempting to procure the production of the documents in question is by motion against its litigating adversary under Rule 34."

The *McLean* case was brought by a longshoreman against a shipowner defendant for personal injuries allegedly sustained in an unloading operation. After the shipowner appeared, the plaintiff, without giving notice of a deposition, attempted to procure a subpoena duces tecum from the Clerk under Rule

45(b) requiring the claims manager of the compensation carrier for the stevedoring company to produce statements of various witnesses to the alleged accident. When the Clerk refused to issue the subpoena, the Court, after reviewing the action of the Clerk, held that the subpoena should not issue. The basis for the Court's decision was first that the subpoena duces tecum was requested solely for the purpose of discovery without any thought of taking the deposition of the person served. The Court agreed with Judge Sugarman's conclusion in Newmark v. Abeel, 106 F.Supp. 758, 759 (S.D.N.Y.1952) that "[t]here is no authority for the service of a subpoena duces tecum on a person not a party for purposes of discovery, in the absence of the taking of a deposition, and therefore these subpoenas duces tecum are irregular and must be quashed." The second ground for holding the subpoena irregular in *McLean* was that the stevedoring company, although not a party at the time the subpoena was requested, was to be made a third party because of its warranty of workmanlike service to the shipowner. Thus, the Court reasoned that the claims manager of the stevedoring company's compensation carrier was in a sense a *party* to the litigation from whom production could not be obtained without a showing of good cause required by Rule 34.

"It is, of course, true that neither Brake [the claims manager] nor the stevedoring concern for whom he conducted the investigation were *parties* to the litigation at the moment the subpoena duces tecum under Rule 45(b) was requested. The stevedore was, however, a party in the sense that it had warranted the performance of workmanlike service to the defendant shipowner." 36 F.R.D. 425.

█ The Court believes that there is a clear difference under the existing rules between the conditions for obtaining production by a subpoena duces tecum directed to a *party* to the action and the conditions for obtaining production by a subpoena directed to a *non-party witness*. In the first instance, if the subpoena is challenged, the good cause requirement of Rule 34 must be met. On the other hand, when a party desires production of documents of a non-party witness under Rule 45(b) in aid of taking that witness's deposition, the good cause requirement of Rule 34 is inapplicable and the only cause for quashing or modifying the subpoena duces tecum is that the demand is "unreasonable and oppressive" or that the call for documents should be conditioned "upon advancement * * * of reasonable costs" for the production.

This distinction has been recognized by legal authors, 5 Moore's Fed.Prac. (2d ed.) pp. 1731–1735; 2B Fed.Prac. & Proc., Barron & Holtzoff (Wright ed.) § 1002 and was well stated by Judge Ridge in Shepherd v. Castle, 20 F.R.D. 184 (W.D.Mo.1957). After stating the rule that as to production from a party Rules 34 and 45(b) must be considered in *pari materia,* he said:

"But, there is no language in Rule 34 that demands any such *pari materia* consideration thereof with Rule 45(b), where a subpoena duces tecum is directed to a *witness not a party* to the action. The only restriction under Rule 45(b), upon production by way of subpoena duces tecum directed to a witness, not a party to an action, is that the demand of a subpoena be not 'unreasonable and oppressive', or that the call for documents made therein be conditioned 'upon the advancement * * * of the reasonable cost of producing the books, papers, documents, or tangible things.'"

* * * * * *

"When a subpoena duces tecum is issued pursuant to Rule 45(d) to a non-party witness, a motion to quash or limit the scope thereof cannot be determined by a consideration of 'good cause' as reviewed in Hickman v. Tay-

lor, *supra* [329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451]." (20 F.R.D. 187, 188)

Since the subpoena duces tecum in the present case was issued for the purpose of producing documents belonging to Du Pont[7] in aid of taking a pretrial deposition of Mr. Handley, an independent witness not a party to the California action, I conclude that no showing of good cause, as required by Rule 34, need be shown by LNP.

LNP in addition to contending that it was not required to show good cause maintains that Dart has no standing to attack the subpoena, that only Du Pont or Handley, who possess and control the documents, may move to quash and then on the grounds of unreasonableness or oppressiveness as provided in Rule 45(b). LNP further argues that because neither Du Pont nor Handley have moved to quash, and Dart has no standing, the present motion should be denied. There is some authority for LNP's position. In Vogue Instrument Corp. v. Lem Instruments Corp., 41 F.R.D. 346 (S.D.N.Y.1967), plaintiff noticed the deposition of a non-party witness and in connection therewith procured a subpoena duces tecum pursuant to Rule 45(b) which required various documents to be produced for use at the deposition. The defendant moved to quash; the Court denied the motion, stating at 348:

> "Defendants' motion is denied insofar as they seek to quash the subpoenas, for the reason that the defendants, being neither persons in possession or control of the documents, nor the persons to whom the subpoenas are directed, lack standing to attack the subpoenas."

The same result was reached in Shepherd v. Castle, *supra*, where the Court said, 20 F.R.D. p. 188:

> "When a limitation order is sought, under Rule 45(b) or 30(b), it should be made by the person to whom the subpoena duces tecum is directed. He is the one who suffers from any 'annoyance, embarrassment or oppression' caused thereby, or to be protected under Rule 30(b). * * * Unless a party to an action can make claim to some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty witness, the party to the action has no right to relief under Rule 45(b) or 30(b). Procedure for an application by motion to that purpose by a witness (non-party) is clearly contemplated by Rule 45(b) and specifically granted by Rule 30(b)."

Because of the indefiniteness of the present record, I decline to hold that Dart lacks standing to move to quash the subpoena duces tecum on the grounds stated in Rule 45(b). While Dart has asserted no personal "privilege" with respect to the documents produced for Du Pont in the Illinois action, it does aver that "some of these documents are secret and confidential and have been produced under protective orders of the [Illinois] Court limiting the disclosure and use thereof by Du Pont's counsel." Dart's interest in preserving the effectiveness of the protective orders entered in the Illinois action may be sufficient to give it standing to move to limit the production sought here.[8] In any event, since the protective orders

---

7. The present record indicates that all documents sought to be inspected by the subpoena duces tecum are owned, controlled, or otherwise possessed by Du Pont and not by Dart, except some undesignated documents originally produced for Du Pont which may have been restricted by a protective order issued in the Illinois action. The question of the documents subject to a protective order will be dealt with later in this opinion.

8. The protective orders are not in this record. Yet, if such orders are outstanding and encompass some of the documents here sought by the subpoena in question, it is difficult to understand why Du Pont or Handley did not move to limit the inspection under the subpoena duces tecum, particularly if such a disclosure might put them in contempt of the Illinois District Court's protective order.

have been made known, this Court in the interest of comity will limit the production and inspection of documents to be produced at Mr. Handley's deposition to those not covered by any protective order of the Illinois District Court. This Court does not want its process colliding with orders of a co-ordinate Federal court.

B. *Other Documents Which Did Not Originate With Dart*

■■ With respect to the other documents sought by the subpoena duces tecum which are in Du Pont's control but which were not produced by Dart in the Illinois action, Dart has no standing to complain that the production under Rule 45(b) is "unreasonable or oppressive." Further, Dart's argument that the documents are irrelevant is not well taken. A subpoena duces tecum in aid of a deposition should be upheld unless it is clear "that the evidence sought can have no possible bearing upon the issues * * *." Hercules Powder Co. v. Rohm & Haas Co., 3 F.R.D. 302, 304 (D.Del. 1943). The 1946 amendment to Rule 45(b) gave the same scope for the production of documents as provided in Rule 26(b). LNP asserts that the documents sought will tend to throw light on the issue of alleged fraud and perjury in procuring the patent and also the issue of antitrust violations raised by the counterclaim. This Court at this stage cannot find otherwise. Accordingly, the Court concludes that the matter sought by the subpoena duces tecum is relevant.

For the foregoing reasons, an order will be entered (a) denying Dart's motion to quash, (b) rescheduling Mr. Handley's deposition, (c) amending the subpoena duces tecum to conform to the rescheduled deposition, but limiting any production and inspection to be made thereunder to those documents which are not subject to a protective order issued in the Illinois action which restricts disclosure by Du Pont's counsel.

Submit order.